The case is that Troy was indebted to the plaintiff and died, having appointed H. W. Harrington his executor, to whose hands sufficient assets came to pay the plaintiff's debt; and that H. W. Harrington having assets as aforesaid, promised the plaintiff, in consideration thereof, to pay the said debt; that he afterwards died, leaving the defendant his executrix. This action is brought against the defendant as executrix of H. W. Harrington, to subject his estate upon his promise. The defendant pleadednon assumpsit, upon which issue was joined and a verdict for the plaintiff. A motion is now made in arrest of judgment, because there was no consideration for this promise.
I always considered it as a point perfectly settled that the promise of an executor, having assets at the time of the promise, to pay his testator's debts, was valid.
Upon looking into the authorities, we find many cases wherein it has been expressly decided, besides numerous sayings to the same effect in elementary books. Among others, Trewinian v. Howell, Cro. Eliz., 91; Reechv. Kennegal, 1 Ves., 126; Bane's case, 9 Co., 94, and those cited in the argument from Cowper. Such a promise is enforced, and supported *Page 486 
by the consideration of the executor's liability, as executor, to pay the plaintiff's demand. He is liable by reason of the assets, and therefore the having of assets is indispensable in such a case. When I speak of assets, as relates to this subject, I mean such estate of the testator as would at that time be liable to the debt of the creditor in a suit at law. If, for example, the creditor be so by simple contract, the assets in the hands of the executor, necessary to support the assumpsit of the executor, must be such as the creditor would be entitled to recover if he were then suing the executor, in his representative capacity, for his debt. The executor, therefore, is the mere holder, as it were, of money, which (682) is in justice and conscience another's. The consideration may, therefore, be said to consist of the strongest moral obligation, as well as a legal liability. The only case relied on to contradict this reasoning, and the strong current of authorities for the plaintiff, is that of Ram v. Hughes, 7 Term, 350. But in that case there was no averment of assets. It is said, indeed, that Hughes died possessed of sufficient effects. But it is not alleged that they ever came to the defendant's hands, much less that she had them at the time of her promise. The note of the case in Term, Reports seems to me to be a confused one, but its accuracy, in this respect, is evinced by what fell from Lord Mansfield inHawkes v. Saunders, Cowp., 291, where he mentions and comments on this circumstance. I agree, therefore, with my brethren, that the plaintiff is entitled to judgment; but I cannot accede to the opinion that the defendant would have been at liberty upon the trial to show that her testator, Harrington, after his promise, applied the assets to other debts of the testator, Troy, and thereby excuse himself from the payment of this debt. If this promise was good at all, it made the debt personal. There is no halfway ground. Harrington must be considered as liable only in his representative capacity, if he is allowed to show the state of the assets subsequent to the time of his promise. But when we say that by his promise he became personally bound, we lose sight of the assets altogether, except so far as regards their situation when the promise was made. In that respect we are obliged to examine into them for the purpose of ascertaining whether the promise was then good or a nudum pactum. If he then had assets, we all agree that the promise is good, and he becomes personally liable. It appears to me that settles the other point; for whenever one becomespersonally bound for the debt of another (no matter how), it becomes hisown debt, and must be paid out of his own estate. Nothing but actual satisfaction, or other matter which would discharge him from any other ofhis own personal debts, will discharge him from this. *Page 487 
In Bane's case, Lord Coke is express that an executor can (683) only show, upon the trial, that he had no assets at the time of the promise. The short note of Cleverly v. Brett, cited in Pearson v.Henry, 5 Term, 6, relates, as well as the principal case, to the question of assets, on the plea of plene administravit, in a suit against the executor, as such, which is totally different from this. There the question is, what assets the defendant has at the time of the plea pleaded, and does not regard the personal liability of the defendant at all.
DANIEL, J., concurred in opinion with RUFFIN, J.
NOTE. — See S. c., reported, but without the opinion of SEAWELL, J., in 6 N.C. 32. See, also, Williams v. Choffice, 13 N.C. 333.